IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**FARRELL KAHN,**

      **Plaintiff,**

v.                                                                               **No. CIV 00-633 BB/LFG**

**RON MURPHY, BRUCE STRAHAN, and COPPER CREEK EXPLORATION, LIMITED PARTNERSHIP, a New Mexico Limited Partnership,**

      **Defendants.**

**MEMORANDUM OPINION
AND
ORDER DENYING MOTION TO DISMISS**

**THIS MATTER** is before the Court on Plaintiff's Motion to Dismiss [#16], and the Court having considered the submissions of the parties, finds the motion lacks support and must be Denied.

*Discussion*

Plaintiff filed this suit as a continuation of a previous action, 98-WM-2388, which was dismissed without prejudice in the United States District Court for the District of Colorado. The complaint alleges diversity of citizenship: Kahn (Colorado), Murphy (Arizona), Strahan (Texas), and Copper Creek Exploration (a New Mexico limited partnership). The dispute arises over Kahn's investment in Copper Creek Exploration

and allegedly involves at least $325,000.  Defendant Strahan has moved, *pro se*, to dismiss for lack of jurisdiction and venue.

    A.    <u>Motion is Timely</u>

Plaintiff's counsel argues that by filing of Defendant Bruce Strahan's Answer he waived the right to file a motion to dismiss under Federal Rule of Civil Procedure 12. As a general proposition, Rule 12(b) requires a defendant to file a motion to dismiss prior to filing the answer.  *Aetna Life Ins. Co. v. Alla Medical Servs., Inc.*, 855 F.2d 1470 (9th Cir. 1988).  Mr. Strahan in fact filed his motion to dismiss [doc. 16] just before he filed his answer [doc. 17].  Nothing in Rule 12 prohibits the filing of a motion to dismiss simultaneously with an answer.  *Beary v. West Pub. Co.*, 763 F.2d 66 (2d Cir. 1985). Plaintiff's argument is therefore rejected.

    B.    <u>Motion Lacks Factual Sufficiency</u>

Plaintiff next argues that Defendant Strahan's motion lacks factual support.  This contention appears to rest on more solid footing.

Defendant Strahan argues that the Amendment to Pre-Formation agreement of Limited Partnership of Copper Creek Exploration Limited Partnership contains a forum selection clause requiring "any litigation concerning Phase II Limited Partnership shall be maintained in Pitkin County, Colorado."  Unfortunately, Mr. Strahan provides no evidence that Plaintiff ever agreed to this provision or the agreement.  The copy of the agreement attached to the motion to dismiss contains a place for Mr. Kahn's signature

but has no Kahn signature.  To the contrary, Plaintiff provides an affidavit from his counsel indicating Plaintiff has no signed copy in his files.

Once the plaintiff has produced a prima facie showing of jurisdiction, the burden shifts to the defendant to rebut that showing.  *Hardee's Food Sys. v. Beardmore*, 169 F.R.D. 311 (E.D.N.C. 1996); *Fisher v. First Nat'l Bank of Omaha*, 338 F. Supp. 525 (S.D. Iowa), *app. dismissed,* (8th Cir. 1972).  In considering such evidence, the pleadings and affidavits are viewed most favorably to the plaintiff as the nonmoving party.  *Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir. 1982); *Monarch Normandy Square Partners v. Normandy Sanore Assoc. Ltd. Partnership*, 817 F. Supp. 899 (D. Kan. 1993).  Plaintiff has made a prima facie showing of both proper jurisdiction and venue.  Defendant Strahan has failed to produce any competent evidence to rebut this showing.

## O R D E R

For the above stated reasons, Defendant Strahan's motion to dismiss is DENIED.

Dated at Albuquerque this 1st day of August, 2001.

                                                    **BRUCE D. BLACK**
                                                  **United States District Judge**

**Counsel for Plaintiff:**
    **Ahmad Assed, Albuquerque, NM**

**For Defendant Strahan:**
    **Bruce B. Strahan, Jr., *Pro Se*, Waco, TX**