IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FARRELL KAHN,

        Plaintiff,

vs.                                    CIVIL NO.  00-633 BB/LFG

RON MURPHY,

        Defendant.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION

THIS MATTER is before the Court an Order of Reference [Doc. 70]. The trial judge requested that the Chief Magistrate Judge conduct an evidentiary hearing and perform any legal analysis to recommend to the Court an ultimate disposition on the issue of default damages.

### Findings

1. On November 12, 2004, the Court entered an order granting in part and denying in part Plaintiff's motion for default judgment [Doc. 58]. The Court noted that when a defendant has been properly served and has failed to defend, the Court may enter a default judgment on the issue of liability in accord with Fed. R. Civ. P. 55(b)(2). However, the Court may not enter a default on the issue of damages unless the amount claimed is a liquidated sum or one capable of mathematical calculation. Venable v. Haislip, 721 F.2d 297 (10th Cir. 1983); Anheuser-Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003); *see* Fed. R. Civ. P. 55(b)(2).

2. The entry of a default judgment against a defendant is not considered an admission by defendant of the amount of unliquidated damages claimed by plaintiff. Anheuser-Busch, Inc., 317 F.3d at 1266; Greyhound Exhibitgroup, Inc., 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied,* 506

U.S. 1080 (1993). *See also* Fed. R. Civ. P. 8(d) ("averments in a pleading to which a responsive pleading is required, *other than those as to the amount of damage*, are admitted when not denied in the responsive pleading") (emphasis added). Thus, even where a plaintiff has established defendant's liability by way of default, the plaintiff must still prove the extent of the injuries established by the default. Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); Transatl. Marine Claims Agency v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (a district court may not be obligated to hold an evidentiary hearing on the issue of damages, but it could not just accept the plaintiff's statement of the damages).

    3. A conflict of authority has existed as to whether a defendant is entitled to notice of a hearing to assess the amount of damages owed to a plaintiff. Annotation, "Defaulting Defendant's Right to Notice and Hearing as to Determination of Amount of Damages," 15 ALR 3d 586 (1967). Notwithstanding the conflict, the rule is uniform that upon the entry of a default, the defaulting defendant still has a right to cross-examine plaintiff's witnesses and to introduce affirmative testimony on his own behalf in mitigation of damages. Id. at 607.

    4. To be able to effectively utilize the right to challenge damages, it follows that even a defaulting defendant is entitled to notice of the damage hearing and an opportunity to appear in order to challenge the testimony in support of damages.

    5. In preparation for the damages hearing, Plaintiff Farrell Kahn ("Kahn") submitted an affidavit in support of his motion for entry of damages. However, there is no certificate of service, and Kahn's counsel confirmed that he neither attempted to nor did provide notice to Defendant Ron Murphy ("Murphy") of this affidavit or, indeed, of the damage hearing. Thus, Murphy had no notice

of the damage hearing, no opportunity to determine whether he wished to attend and challenge Kahn's evidence, and no opportunity to introduce affirmative evidence on his own behalf.[1]

6. Moreover, since Murphy neither entered an appearance in this matter nor filed a responsive pleading, the Court's automatic noticing system could not have notified Murphy of the hearing, without any information as to Murphy's address. Consequently, Murphy did not receive any notice of the damage hearing from the Court.

### **Recommendation and Setting**

Due to lack of notice to Murphy, the undersigned magistrate judge recommends that the damage hearing be rescheduled. Plaintiff Kahn may appear telephonically. The hearing is scheduled for **April 7, 2005** at **10:30**, in the Pecos Courtroom, 3rd floor, Pete V. Domenici United States Courthouse, 333 Lomas Blvd., N.W., Albuquerque, New Mexico.

Kahn's counsel is directed to serve a notice of the hearing on Murphy, together with any affidavit in support of his application for damages. As service of process has already been effected, personal service is not required. Service of the documents may be accomplished by first-class mail addressed to Murphy at his last known address. Kahn is required to file a certificate of service showing that the notice was mailed to Murphy's last known address.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge

---

[1] Murphy defaulted on the issue of liability by failing to respond to the complaint. While it is likely that he will also fail to attend the damage hearing, the law still gives him the right to notice of the hearing. By denying him notice, he is also denied the opportunity to attend.

3