# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FARRELL KAHN,

        Plaintiff,

vs.                                              No. CIV 00-633 WJ/LFG

RON MURPHY,

        Defendant.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION[1]

### Introduction

THIS MATTER is before the Court on an Order of Reference [Doc. No. 70]. The trial judge requested that the Chief Magistrate Judge conduct an evidentiary hearing and perform any legal analysis to recommend to the Court an ultimate disposition on the issue of default damages. This matter was scheduled for a damages hearing on a number of occasions before the Court conducted a first evidentiary hearing on February 28, 2005. The first hearing resulted in an earlier Recommendation, filed March 21, 2005 [Doc. No. 72]. Because it was not demonstrated that the defaulting defendant had been noticed with the date of the earlier evidentiary hearing, the Court recommended re-setting the matter for another evidentiary hearing to be held May 12, 2005.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

**Findings**

1. Five years ago on May 2, 2000, Plaintiff Farrell Kahn ("Kahn") filed this lawsuit against three defendants, including Ron Murphy ("Murphy"). The complaint sought damages for alleged breach of fiduciary duty and fraud.

2. On September 1, 2000, the Court entered the first of a number of Orders to Show Cause why the case should not be dismissed, based on lack of proper service on Defendant(s).

3. On November 16, 2000, Senior Judge John Conway, the first assigned District Court Judge, dismissed the case for failure to effect service.

4. On January 4, 2001, Senior Judge Conway reinstated the case after Kahn's counsel alleged that he had obtained new information locating one of the Defendants.

5. Multiple extensions were provided to Kahn for purposes of effecting service on Defendants.

6. On April 16, 2001, the Court entered another Order to Show Cause why the case should not be dismissed for failure to effect service.

7. On November 1, 2001, District Judge William Johnson granted Kahn's motion to reinstate Defendant Murphy and vacated the trial date set for late 2001.

8. On March 19, 2003, Judge Johnson entered an Order to Show Cause why the case should not be dismissed for failure to effect proper service on Murphy.

9. On May 28, 2003, service was effected on Murphy.

10. On January 12, 2004, Kahn moved for default judgment against Murphy but the Court denied the motion because of Kahn's failure to properly obtain the Clerk's entry of default.

11. On March 4, 2004, the Clerk entered default judgment as to Murphy.

12. On November 10, 2004, Kahn again moved for default judgment against Murphy. Judge Johnson granted the motion as to liability but noted that the issue of damages had to be heard and decided after an evidentiary hearing. [Doc. No. 58]. When a defendant has been properly served and has failed to defend, the Court may enter a default judgment on the issue of liability in accord with Fed. R. Civ. P. 55(b)(2). However, the Court may not enter a default on the issue of damages unless the amount claimed is a liquidated sum or one capable of mathematical calculation. Venable v. Haislip, 721 F.2d 297, 300 (10th Cir. 1983); Anheuser-Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003); *see* Fed. R. Civ. P. 55(b)(2).

13. The entry of a default judgment against a defendant is not considered an admission by defendant of the amount of unliquidated damages claimed by plaintiff. Anheuser-Busch, Inc., 317 F.3d at 1266; Greyhound Exhibitgroup, Inc., 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied,* 506 U.S. 1080 (1993). *See also* Fed. R. Civ. P. 8(d) ("averments in a pleading to which a responsive pleading is required, *other than those as to the amount of damage*, are admitted when not denied in the responsive pleading") (emphasis added). Thus, even where a plaintiff has established defendant's liability by way of default, the plaintiff must still prove the extent of the injuries established by the default. Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); Transatl. Marine Claims Agency v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (a district court may not be obligated to hold an evidentiary hearing on the issue of damages, but it could not just accept the plaintiff's statement of the damages).

14. On November 22, 2004, Judge Johnson noticed the evidentiary hearing to take place on January 10, 2005.

15. Due to the Court's schedule, the evidentiary hearing was delayed until a hearing date of February 16, 2005.

16. On the morning of February 16, 2005, Kahn's counsel filed a motion to continue the damages hearing because of counsel's scheduling conflict and because Kahn had not yet supplied an affidavit regarding alleged damages.

17. Judge Johnson granted the request for a continuance but issued a strong Order, setting forth the history of delays in this case and the Court's initial inclination to dismiss the matter. Kahn's attorney convinced the Court to be given one more opportunity to present evidence at a hearing. The hearing was re-set for February 28, 2005.

18. On February 25, 2005, Kahn filed an affidavit regarding alleged damages.

19. On February 28, 2005, an Order of Reference was entered permitting Chief Magistrate Judge Garcia to conduct the hearing and issue findings with a recommendation.

20. On February 28, 2005, the damages hearing was held. Kahn did not appear but his attorney argued that he expected to proceed by means of Kahn's affidavit. The Court denied that request but was able to reach Kahn by phone and allowed him to present his testimony telephonically. It was discovered after the damages hearing that Kahn had not provided notice of the damages hearing to Murphy. Thus, Murphy would have been unable to attend and challenge Kahn's evidence. The Court recommended that the hearing be re-set for April 7, 2005 so that Murphy could be noticed with the hearing date.

21. On April 5, 2005, counsel for Kahn faxed a letter to the Court noting that Kahn could not be present in person for the April 7 hearing due to health reasons related to Kahn's son in Colorado.

22. Kahn's counsel provided copies of email correspondence between counsel and Kahn, dated April 5, 2005, while Kahn was in Europe for business. The email from counsel to Kahn states that the Court wanted Kahn to attend the April 7 hearing in person and noted four proposed hearing dates in April 2005. Kahn's response email, dated April 5, 2005, stated that Kahn would be in Europe on a project from April 18 to May 2 or "thereabouts." The email then asked his attorney if Kahn "could get out of being at the hearing. . . ."

23. To accommodate Kahn's schedule, the Court, with assistance of Kahn's counsel, re-set the damages hearing for May 12, 2005, so that Kahn would be able to attend in person.

24. On April 7, 2005, the Court issued written notice of the May 12, 2005 hearing, and Kahn's counsel promptly notified Kahn of the hearing date and requirement that Kahn attend. Kahn's counsel provided the Court with a copy of the email that informed Kahn of the May 12, 2005 hearing.

25. On May 3, 2005, Kahn's attorney filed a certificate showing that Murphy was served with notice of the date of the May 12, 2005 hearing on May 1, 2005.

26. On May 11, 2005, Kahn's attorney sent him an email reminding him of the May 12, 2005 evidentiary hearing in Albuquerque. On May 11, 2005, the day before the evidentiary hearing, Kahn's attorney contacted the Court to inform it that Kahn was in Europe and would not be able to attend the May 12, 2005 hearing. Kahn's attorney provided the Court with a copy of an email from Kahn's representative stating that Kahn would not return to the United States until May 18, 2005.

27. Prior to May 11, 2005, Kahn did not seek to vacate or reschedule the hearing nor did he tell his attorney that he would not or could not attend.

5

28.     The Court proceeded to hold the hearing on May 12, 2005 at 2 p.m. Local counsel for Kahn appeared in person, and Kahn's Colorado attorney was permitted to appear by telephone. Kahn did not appear, nor did Murphy or any attorney for Murphy.

29.     The Court recounted this case's long history, along with the history of delays and notice provided to Kahn of today's hearing. The Court observed that it had run out of options in the attempt to conduct an evidentiary hearing on damages. Therefore, the Court advised counsel for Kahn that it would recommend in writing that Kahn's claims be dismissed without prejudice as a result of Kahn's failure to diligently proceed and his failure to appear in Court and present his case. Counsel will have ten days to file objections to the written recommendation. 28 U.S. § 636.

## Recommendation

That this case [Doc. No. 1] be DISMISSED, without prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge